UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER KOVACS, et al.,
Plaintiffs,

v.

HYATT HOTELS CORPORATION, et al.,
Defendants.

Case No. 26-cv-05353-WHO

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 26

In this putative class action, plaintiffs allege that defendant Hyatt Hotels Corporation ("Hyatt") violated the Americans with Disabilities Act by using synthetic fragranced products in their properties without providing reasonable accommodations to those with chemical sensitivities. Hyatt now moves to dismiss the complaint under Rules 12(b)(1), 12(b)(2), and 12(b)(6). Because plaintiffs have not established Article III standing, I GRANT the motion to dismiss.

This case concerns what plaintiffs describe as synthetic fragranced consumer products (the "fragrances"), "complex mixtures of dozens of volatile compounds, most of which being derived from petrochemicals." First Amended Complaint ("FAC") [Dkt. No. 24] ¶ 60. Plaintiffs are four individuals who "suffer and continue to suffer from chemical sensitivities and, when exposed to fragrance, are substantially limited in their ability to concentrate and/or breathe." *Id.* ¶ 30. They allege that Hyatt engages in a "practice of employing fragrance in its facilities—despite [its] knowledge of [its health risks] and the discriminatory effect of these practices." *Id.* ¶ 8.

A plaintiff has Article III standing if (1) she has suffered an injury-in-fact or faces an imminent injury; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable decision would likely redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). With respect to injury-in-fact, in the ADA context, "a plaintiff—even a 'tester' plaintiff—must allege sufficient facts to show an intent to return or that 'a defendant's failure to comply with

United States District Court
Northern District of California

the ADA deters [him] from making use of the defendant's facility.'" *Ho v. World Oil Corp.*, No. 8:25-cv-00069-SVW, 2025 WL 2598333, at *2 (C.D. Cal. Aug. 7, 2025) (quoting *Johnson v. JKLM Props., L.L.C.*, No. 5:20-cv-01078, 2020 WL 5517234, at *4 (N.D. Cal. Sept. 14, 2020)); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

The central problem for plaintiffs under Rule 12(b)(1) is that it does not appear plausible that Hyatt is a proper defendant. Two plaintiffs—Christopher Kovacs and Shannon Teinert—allege that they visited a Hyatt property and were exposed to fragrances, suggesting an injury-in-fact. *See id.* ¶ 19 (Hyatt Place Pensacola Airport; Hyatt Place Sarasota / Lakewood Ranch); ¶ 26 (Mar Monte Hotel). But Hyatt submitted a declaration from Brian Furgalus, Assistant Secretary to Hyatt, indicating that "neither Hyatt nor its subsidiaries have . . . (1) owned, leased, or operated [these hotels]; or (2) employed any of the employees at [these hotels]." Declaration of Brian Furgalus in Support of Motion to Dismiss ("Furgalus Decl.") [Dkt. No. 26-1] ¶ 5. Plaintiffs did not respond to Hyatt's sworn declaration. Because plaintiffs' complaint rests on an unsupported assertion that Hyatt owned or controlled these properties, Kovacs and Teinert have not met their burden in establishing standing.

The other two plaintiffs, Michelle Pollok and Tina Westman, do not provide any allegations showing an intent to return to a Hyatt property or deterrence from visiting in the first place. *See* FAC ¶¶ 22, 24. They also do not provide any facts connecting their purported injury to a specific Hyatt property. Instead, the two plead that their health conditions prevent them from accessing Hyatt's facilities, "so long as these facilities continue to expose patrons to fragranced substances." *Id.* That alone is insufficient to establish standing.

Hyatt's motion to dismiss is GRANTED WITH leave to amend. Plaintiffs shall file an amended complaint within twenty (20) days of this Order clarifying how their complaint satisfies the Article III standing requirements. Hyatt's motion to dismiss raised other issues that I do not address here that plaintiffs will want to address as appropriate in an amended complaint.

**IT IS SO ORDERED.**

Dated: November 10, 2026

William H. Orrick
United States District Judge